**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT A. COUGHLIN II,**

                              **Plaintiff,**                    **5:11-cv-1414**
                                                                **(GLS)**

              **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**
                              **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Coughlin, Gerhart Law Firm                 SCOT G. MILLER, ESQ.
19 Chenango Street
P.O. Box 2039
Binghamton, NY 13902-2039

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN                  MONIKA K. PROCTOR
United States Attorney                     Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

                    <u>**MEMORANDUM-DECISION AND ORDER**</u>

## I.  Introduction

Plaintiff Robert A. Coughlin II challenges the Commissioner of Social Security's denial of his claim for Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Coughlin's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II.  Background

On July 14, 2009, Coughlin filed an application for DIB under the Social Security Act ("the Act"), alleging disability since April 18, 2008.  (*See* Tr.[1] at 118-24, 135.)[2]  After his application was denied, (*see id.* at 64-71), Coughlin requested a hearing before an Administrative Law Judge (ALJ), which was held on November 10, 2009.  (*See id.* at 25-60, 72.)  On December 21, 2010, the ALJ issued a decision denying the requested

─────────────────────

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 7.)

[2] It is noted that Coughlin applied for Supplemental Security Insurance (SSI) benefits, which were denied, as well.  (*See* Tr. at 9-24, 64-71, 125-28.)  Because Coughlin has not challenged the denial of those benefits, as limited by his Complaint, the court does not specifically address them.  (*See* Compl. ¶ 3.)

benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-4, 9-24.)

Coughlin commenced the present action by filing his Complaint on December 1, 2011 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 6, 7.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 10, 11.)

### III. **Contentions**

Coughlin contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 10 at 15-24.) Specifically, Coughlin claims that: (1) the ALJ improperly evaluated the opinion evidence; and (2) he erred by failing to seek the services of a vocational expert (VE) at step five of the disability analysis. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is supported by substantial evidence. (*See* Dkt. No. 11 at 1-11.)

### IV. **Facts**

3

The court adopts the parties' undisputed factual recitations.  (*See* Dkt. No. 10 at 1-14; Dkt. No. 11 at 1.)

## V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

## A.    Evaluation of Medical Opinions

Coughlin argues first that the weight given to the various medical opinions by the ALJ is not supported by substantial evidence and was not evaluated as required by the applicable law.  (*See* Dkt. No. 10 at 16-22.) Particularly, Coughlin argues that the opinion of his treating physician, Alan Midura, was entitled to controlling weight, and the ALJ's error in failing to give such weight to that opinion was further compounded by his ignorance of an MRI, which supported Midura's opinion.  (*See id.* at 16-19.)  In

4

addition, Coughlin critiques the weight accorded to the opinions of physicians Look Presaud and Peter Remec, and psychologists Sara Long and A. Herrick.  (*See id.* at 19-21.)  The Commissioner counters, and the court agrees, that the ALJ applied the correct legal standards and his determinations regarding the weight given to the medical opinions are supported by substantial evidence.  (*See* Dkt. No. 11 at 6-8.)

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c).  Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner.  *See* 20 C.F.R. § 404.1527(c).

In an October 2010 RFC questionnaire, Dr. Midura offered a bleak opinion of Coughlin's physical RFC.  (*See* Tr. at 400-03.)  Specifically, he opined that Coughlin can sit, stand, and walk for one hour in an eight hour workday and for only fifteen minutes at a time without interruption.  (*See id.* at 402.)  Midura further indicated that Coughlin is able to occasionally—meaning less than one-third of the time—lift up to twenty pounds.  (*See id.*)  Ultimately, Midura opined that Coughlin can work only five hours per week "on a regular and consistent basis," and that, among other things, his pain is "present to such an extent as to be distracting to adequate performance of daily activities or work."  (*Id.* at 403)  This opinion was inconsistent, however, with other substantial evidence in the record, and the ALJ was therefore justified in assigning it less than controlling weight.  *See Roma v. Astrue*, 468 F. App'x 16, 18-19 (2d Cir. 2012); (Tr. at 21.)  Specifically, Dr. Remec opined that Coughlin "could return to work activities with appropriate restrictions, [such as] no repetitive lifting over [twenty-five] pounds, no repetitive bend or twisting or ladder climbing."  (Tr. at 213.)  Moreover, Dr. C. Wakeley offered an opinion that Coughlin could sit, stand, or walk for six hours each in an eight-hour work day and lift a maximum of twenty pounds.  (*See id.* at 343-44.)

As for the ALJ's assessment of the opinions of Drs. Presaud and

Remec and psychologists Long, and Herrick, Coughlin argues that the ALJ

discredited any evidence suggestive of disability.  (*See* Dkt. No. 10 at 19-

21.)  Coughlin also claims that the discredited opinions—or portions

thereof—supported each other, and, thus, were consistent.  (*See id.*)  What

Coughlin fails to appreciate is that, in determining the weight given to an

opinion, the ALJ is required to consider whether an opinion is "consistent

. . . with the record *as a whole.*"  20 C.F.R. § 404.1527(c)(4) (emphasis

added).  As the ALJ thoroughly explained, the various opinions—or in the

case of Dr. Long, a portion of her opinion—were given limited or little

weight for inconsistency with the "medical evidence of record as a whole."

(Tr. at 22.)  The ALJ also clearly considered the other relevant factors for

determining the weight to be given to a medical opinion, which need not be

repeated here.  (*See id.* at 21-22.)  Finally, the court notes that the ALJ was

not ignorant of the March 2010 MRI of Coughlin's lumbar spine as he

claims.  (*See* Dkt. No. 10 at 19.)  The ALJ specifically acknowledged the

MRI and fact that it revealed disc herniation at L4-L5 producing moderately

severe central spinal canal stenosis and encroachment on both lateral

recesses, along with likely compromise of the right L5 nerve.  (*See* Tr. at

15, 389.)  In light of the foregoing, the ALJ's determinations regarding the weight of the medical opinions were arrived at by application of the proper legal standards and are supported by substantial evidence.

**B.    Vocational Assessment**

Next, Coughlin claims that the ALJ committed reversible error by failing to introduce the testimony of a VE at step five of the disability analysis.  (*See* Dkt. No. 10 at 23-24.)  Summarily, Coughlin asserts that his mental impairments "certainly rise to a level where they significantly diminish his ability to work," including "difficulty being around people, dealing with the public and functioning on a regular basis."  (*Id.* at 24.)  In essence, this argument amounts to an attack on the ALJ's reliance solely on the grid guidelines, *see* 20 C.F.R. pt. 404, subpt. P, app. 2, instead of also consulting with a VE regarding Coughlin's nonexertional impairments. The court agrees with the Commissioner's contention that substantial evidence supports the ALJ's determination that Coughlin's capacity to work is not significantly limited by his nonexertional limitations, and that his reliance on the grid guidelines was not error.  (*See* Dkt. No. 11 at 8-11.)

The appropriateness of applying "the grid guidelines and the necessity for expert testimony must be determined on a case-by-case

8

basis." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986).  Indeed, the ALJ

is vested with discretion regarding whether to use a VE.  *See* 20 C.F.R.

§ 404.1566(e).  "[I]f a claimant's nonexertional impairments 'significantly

limit the range of work permitted by his exertional limitations[,]' [however,]

then the grids obviously will not accurately determine disability status

because they fail to take into account [the] claimant's nonexertional

impairments" and, accordingly, the ALJ should consult with a VE before

making a determination as to disability.  *Bapp*, 802 F.2d at 605 (quoting

*Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir. 1983)).  As pertinent to

Coughlin's nonexertional limitations regarding the demands of unskilled

work, which the ALJ determined he could perform:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.  A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

SSR 85-15, 1985 WL 56857, at *4 (1985).

Here, the ALJ determined that Coughlin is moderately limited in his

ability to "understand, remember and carry out *complex and detailed*

9

instructions," but retains the ability to "understand, remember and carry out simple instructions and perform simple rote tasks[,] . . . maintain attention and concentration for extended periods . . . [, and] interact with the general public, supervisors and co-workers." (Tr. at 17 (emphasis added).) He specifically found that Coughlin's nonexertional limitations "have little or no effect on the occupational base of unskilled light work," which dictates a finding of not disabled. (*Id.* at 23.)

The ALJ's findings are supported by substantial evidence. Specifically supportive of the ALJ's determination is the opinion of Dr. Long that Coughlin is "able to follow and understand simple directions and instructions and to perform simple tasks independently[,] . . . maintain attention and concentration and is able to maintain a regular schedule." (*Id.* at 299.)[3] Moreover, Dr. Midura opined that Coughlin had a fair ability—meaning "limited but satisfactory"—to, among other things: follow work rules; relate to co-workers; deal with the public; use his judgment; interact with supervisors; function independently; maintain

_____

[3] Dr. Long also noted that Coughlin had "some difficultly relating adequately with others." (Tr. at 299.) However, the ALJ discredited that portion of her opinion because it was belied by other evidence, which demonstrates that Coughlin enjoys to socialize. (*See id.* at 22, 174, 299, 302.)

attention/concentration; and understand, remember, and carry out simple job instructions.  (*Id.* at 397-98.)  While there is some evidence that Coughlin suffers from moderate limitations resulting from his nonexertional impairments, (*see, e.g.*, *id.* at 299, 336-37, 397-98), "there is no indication that those limitations so narrow [his] possible range of work so as to deprive h[im] of a meaningful employment opportunity."  *Wallis v. Comm'r of Soc. Sec.*, No. 09-CV-1075, 2010 WL 3808303, at *12 (N.D.N.Y. Aug. 5, 2010).  Thus, the ALJ's decision to forego consultation with a VE was not error.

**C.    Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Coughlin's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 31, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court